UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GIAKOB BEASLEY                                                                                                  PLAINTIFF

v.                                         No. 2:22-CV-02047

TELECOMP HOLDINGS, INC.                                                                              DEFENDANT

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 29) for protective order and proposed protective order (Doc. 29-1). The parties seek protection of confidential, sensitive, or proprietary business information. For the reasons set forth below, the Court will GRANT the motion and enter a revised protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specific way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents containing confidential and/or proprietary information. Trade secrets and other confidential commercial information fall squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the

1

claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will impair neither prosecution nor the defense of the claims because the parties are in agreement as to the proposed protective order. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or other confidential commercial information.

The Court will separately enter a revised protective order which complies with the Court's standard procedure for filing documents under seal, permits retention of documents when required by law, regulation, court order, or other professional obligation, clarifies that the use of confidential information at trial or hearing is outside the scope of the protective order, and clarifies that modification of the protective order is not allowed except by order of the Court.

IT IS SO ORDERED this 2nd day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE